# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

STEPHANIE R. JOHNSON,

        Plaintiff,

v.                                Case No.: 2:18-cv-245
                                     JUDGE GEORGE C. SMITH
                                     Magistrate Judge Deavers

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

## ORDER

This case is before the Court to consider the *Report and Recommendation* issued by the Magistrate Judge on June 11, 2019. The Magistrate Judge recommended that Plaintiff's Statement of Errors be overruled and that the Commissioner of Social Security's decision be affirmed. (Doc. 18). This matter is now before the Court on Plaintiff's Objection to the Magistrate Judge's *Report and Recommendation*. (Doc. 21). Defendant has also filed a Response in Opposition. (Doc. 22). The Court will consider the matter *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff raises one primary objection to the Magistrate Judge's *Report and Recommendation*–that the ALJ failed to provide good reasons for according less than controlling weight to Dr. Balogh's opinions. Specifically, Plaintiff asserts that Dr. Balogh, Ms. Johnson's treating psychologist, found that Ms. Johnson was markedly limited in her ability to understand and carry out complex job instructions. Plaintiff argues that this case should be remanded because there was no discussion by the ALJ or Magistrate Judge about how this limitation

impacted the residual functional capacity. Defendant responds that Plaintiff's objections do not set forth any new evidence or case law not previously discussed in her Statement of Errors.

The objection presents the same argument presented to the Magistrate Judge in the Statement of Errors. Plaintiff merely disagrees with the Magistrate Judge's findings. The Magistrate Judge correctly found that the there were good reasons that the ALJ correctly discounted Dr. Balogh's opinions as they were inconsistent with Plaintiff's medical records, including treatment records from Dr. Balogh himself and other providers at Six County, Inc. Plaintiff claims that the Magistrate Judge did not address the two separate opinions of Dr. Balogh: that Ms. Johnson was markedly limited in her ability to follow work rules, and that Ms. Johnson was markedly limited in her ability to understand and carry out complex job instructions. Plaintiff argues that the Magistrate Judge incorrectly assumed that these two limitations were the same. The Court disagrees.

The Magistrate Judge discussed both how the ALJ credited Dr. Balogh's opinion that Plaintiff was "markedly impaired" in her ability to follow instructions and her limitation in understanding complex job instructions. In considering both opinions, the Magistrate Judge correctly concluded that the ALJ's RFC finding is consistent with these limitations in finding that Plaintiff needs a position that is low stress, with no public interaction, and with only occasional decision making and occasional changes.

Therefore, for the reasons stated in the well-reasoned *Report and Recommendation*, this Court finds that Plaintiff's objection is without merit.

Based on the aforementioned and the detailed *Report and Recommendation*, the Court finds that Plaintiff's objection has been thoroughly considered and is hereby **OVERRULED**. Accordingly, the *Report and Recommendation,* Document 18, is **ADOPTED** and **AFFIRMED.**

The Clerk shall remove Documents 18 and 21 from the Court's pending motions list and enter final judgment in this case.

**IT IS SO ORDERED.**

    */s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**